WO                                                                                                          NA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven James Brydie,<br><br>                Petitioner,<br><br>v.<br><br>Arizona Superior Court Division II, et al.,<br><br>                Respondents. | No. CV 19-01264-PHX-MTL (CDB)<br><br><br>**ORDER** |

## I.    Factual and Procedural Background

On February 21, 2019, Petitioner Steven James Brydie, who is now confined in the Arizona State Prison Complex-Tucson, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In an April 26, 2019 Order, the Court gave Petitioner 30 days to pay the filing fee or file an Application to Proceed In Forma Pauperis. On May 23, 2019, Petitioner paid the filing fee, but the check was made payable to the wrong payee. In a July 16, 2019 Order, the Court gave Petitioner 30 days to pay the filing fee or file an Application to Proceed In Forma Pauperis. On July 25, 2019, Petitioner filed an Application to Proceed In Forma Pauperis. In a September 18, 2019 Order, the Court granted the Application to Proceed and dismissed the Petition with leave to amend. On September 25, 2019, Petitioner filed his First Amended Petition in which he sought to challenge his conviction in Gila County Superior Court, case ## CR 201700220, CR 201700509, and CR 201800419.[1] In a December 4, 2019 Order, the Court dismissed the

---

[1] In CR 201800419, Petitioner was found guilty of negligent homicide and was

1  First Amended Petition because it was incomplete and gave Petitioner 30 days to file a
2  second amended petition.

3  On December 26, 2019, Petitioner filed a Notice (Doc. 22). In his Notice, Petitioner asks the Court "if amending [his] petition is warranted" because he was released from the Arizona State Prison Complex-Lewis on October 25, 2019. At the time he filed the Notice, Petitioner was confined in the Gila County Jail. However, the Arizona Department of Corrections' online records indicate Petitioner was transferred back to the Arizona State Prison Complex-Tucson on January 22, 2020.[2]

## II. Failure to Exhaust State Court Remedies

Before the court may grant habeas corpus relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). An Arizona petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals on direct appeal and/or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); *cf. Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (citing pre-1989 statute). To exhaust a claim, a petitioner must describe "both the operative facts and

---

sentenced to a 15-year term of imprisonment. *See* https://corrections.az.gov/public-resources/inmate-datasearch (search "Number Search" for "334030") (last visited Jan. 27, 2020). Apparently as a result of his conviction in the 2018 case, Petitioner was found to have violated the terms of probation imposed on February 8, 2018, in CR 201700509 and CR 201700220. In CR 201700509, he was sentenced to 1.75 years in prison with 313 days presentence credit. *See* https://apps.supremecourt.az.gov/publicaccess/minutes.aspx (search "Court" for "Gila County Superior" and "Case Number" for "CR 201700509": click on hyperlinks for "3/4/2019") (last visited Jan. 27, 2020).

[2] *See* https://corrections.az.gov/public-resources/inmate-datasearch (search "Number Search" for "334030") (last visited Jan. 27, 2020). Although unclear, it appears that Petitioner was transferred to the Gila County Jail for sentencing in CR 2018000419, and not because he had been discharged. *See* https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx (Search by Case Number for "Case Number" for "CR 201800419" and "Court" for "Gila County Superior": click on hyperlink for Petitioner's case) (last accessed Jan. 27, 2020).

the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)). The failure to exhaust subjects a petition to dismissal. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

If a prisoner has a direct appeal or initial petition for post-conviction relief pending in state court, the federal exhaustion requirement is not satisfied. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding); *see also Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending"). The prisoner must await the outcome of the pending state-court challenge before proceeding in federal court, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood*, 716 F.3d at 634. The pending state-court proceeding could affect the conviction or sentence and, therefore, could ultimately affect or moot these proceedings. *Id.*

The online records of the Arizona Court of Appeals show that Petitioner's direct appeal from his conviction in CR 201800419 is currently pending.[3] Thus, Petitioner has not exhausted state court remedies and this action is premature. The Court will dismiss this case without prejudice.

**IT IS ORDERED:**

(1) This action is **dismissed without prejudice**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

. . . .

. . . .

---

[3] *See* https://www.appeals2.az.gov/ODSPlus/caseInfolast.cfm?caseID=130722, case 2 CA-CR 2020-0012 (last visited Jan. 27, 2020).

1   (3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

  Dated this 28th day of January, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge